## WILLIAM P. HOUSTON *vs.* THOMAS POLLARD.

By an agreement of submission to arbitration, the arbitrators were to determine between A. and B., 1st, whether A. had finished a certain dwelling-house, according to his contract with B., and what, if any thing, remained to be done upon the house by A., and how much, if any thing, remained to be paid by B. to A., and what damage, if any, should be deducted and allowed to B. for the failure of A. to perform the agreement to build the house ; 2d, to determine and decide what amount, if any, remained to be advanced by B. to A., and what remained to be done, if any thing, by A., upon a certain other dwelling-house, to finish it, conformably to another contract between him and B.; and the parties agreed to do and perform to each other whatever might be ordered, by the arbitrators, to be done by them respectively. The arbitrators awarded that B. should pay a certain sum to A. in fulfilment of the contract for building the first mentioned house, and that another certain sum remained to be advanced by B. to A. in fulfilment of the contract for building the other house. *Held,* that the arbitrators had not decided all the matters submitted to them, and that their award was therefore bad.

ASSUMPSIT on the following agreement, made between the plaintiff and defendant on the 30th of March 1842 :

" Whereas the said Pollard and Houston did, on the 29th of October 1840, make and execute an agreement in writing, under seal, wherein and whereby the said Houston contracted to build a dwelling-house and out buildings for the said Pollard, and upon the land of the said Pollard, as therein is set forth and expressed : And whereas a certain bill for materials furnished and labor done upon said dwelling-house and out buildings, by the procurement of the said Pollard, hath been exhibited and claimed by the said Pollard, which is hereunto annexed, and certain charges for extra work and materials have been made by the said Houston, as done and furnished for said house : And whereas the said Pollard alleges that the work and materials done and furnished by said Houston, upon said house, are bad and defective, and the said Houston alleges that the claims of the said Pollard are not justly due and allowable : Now it is hereby agreed, that all the said matters in dispute between the said Pollard and the said Houston, and all matters respecting the building of the said houses, and as to the time, mode and amount of payment, if any, to be made by the said Pollard, and all other claims arising or accruing to either party from or under the said

contract, shall be referred to Horatio M. Willis, Jonathan Preston and Aaron D. Webber, who shall hear the parties, their allegations and evidence, and shall determine upon all the matters above referred to them, and whether the said dwelling-house and out buildings are done and finished according to the true intent and meaning of said agreement, or such modification thereof as has been agreed to by the parties, and what, if any thing, remains to be done by the said Houston upon the same, and whether any thing, and how much, remains to be paid by the said Pollard to the said Houston, and what damages, if any, are to be deducted and allowed to the said Pollard, for the failure by the said Houston to finish said work by the time named in said agreement, and what damages are to be allowed to said Houston, for the failure of said Pollard to perform any agreement, on his part to be performed, agreeably to said contract or modification thereof.

" And whereas by a certain other agreement in writing, under seal, made, and interchangeably executed, between the said Pollard and the said Houston, bearing date of the same 29th of October 1840, the said Houston did covenant and agree with the said Pollard, that he, the said Houston, should and would build and erect, upon a piece of land situated upon Utica Street in said Boston, and to said Pollard belonging, but thereafterwards to be conveyed to the said Houston, a dwelling-house, agreeably to the stipulations and particulars, as in said sealed agreement is set forth : And whereas a bill for materials furnished, labor done and advances made, by and in behalf of said Pollard, hath been presented and claimed of the said Houston, and is hereunto annexed : And whereas it is asserted, by the said Houston, that the said last named dwelling-house is now completed and finished, agreeably to the provisions and stipulations, and the true intent and meaning, of the said last named sealed agreement, and the alterations and variations of the said agreement, assented to and agreed upon by the said parties, all which is denied by the said Pollard : Now it is hereby agreed, that all the said matters and things, so in dispute and controversy between the

said Pollard and Houston, and all other matters and things which may be brought into controversy, concerning the finishing of the said dwelling-house, agreeably to the said last named sealed instrument, and all claims and liabilities arising out of said contract or variations thereof, which may be in dispute between the said parties, shall be referred to the same Horatio M. Willis, Jonathan Preston and Aaron D. Webber; and they shall decide what amount still remains to be advanced by the said Pollard to the said Houston, if any thing, and what remains to be done upon the said last named dwelling-house, if any thing, to finish and complete the same in conformity to said sealed agreement, and such alterations and variations thereof as may be proved to have been agreed to by the said parties.

" And in determining all matters so in controversy between the parties, and hereby referred, as to both the said contracts, the said referees shall be guided by the said contracts and such alterations and variations thereof as have been agreed upon by the parties, and the evidence given them, and may refer to the claims exhibited by the parties respectively ; and their award and determination, or the award and determination of a major part of them, shall be final and conclusive between the parties ; and the parties and persons aforesaid do covenant and agree, each with the other, that they will do and perform, each to the other respectively, whatsoever may be ordered and directed by the said referees, by them to be done and performed respectively, touching all matters and things herein and hereby submitted to them ; but the parties hereto do not submit to the said arbitrators to decide what sort or form of a deed or deeds shall or ought to be given by one party to the other, or from each to the other, agreeably to the true intent and meaning of the said instrument last above named, nor when, if ever, any such deed should or ought to be made or delivered. Thomas Pollard,
William P. Houston."

The plaintiff's declaration set forth an award under the foregoing agreement of submission, which was in these terms :

" We, the subscribers, referees named in the annexed agreement, having notified, met and heard the parties to said agreement, and carefully and duly examined and considered the allegations, evidence and arguments by them severally offered, and also the contracts, and the several matters and things in the said annexed agreement referred to mentioned, expressed and set forth, do award, arbitrate and determine, of and concerning the premises and the whole subject matter thereof, that the said Thomas Pollard pay to the said William P. Houston, in fulfilment of the contract for building the northerly house on Utica Street, first mentioned in the agreement hereto annexed, the sum of $666·89; and that there remains to be advanced, by said Pollard to said Houston, in fulfilment of the contract for building the southerly house on said Utica Street, the sum of $248·16. And we do further award that the referees' services, taxed at $140, be paid equally between the said parties, and that each party pay his own witnesses " (Signed by all the referees, and dated July 24th 1842.)

The plaintiff's declaration averred that said referees published said award and gave notice thereof to the defendant; that the plaintiff, before commencing this suit, requested the defendant to perform said award; but that the defendant refused so to do.

The case was submitted to the court upon the said agreement of submission and said award, which were admitted to be as above set forth, and upon the other averments in the plaintiff's declaration, which the defendant admitted to be therein truly made. And it was agreed that the court might direct a nonsuit or default, or a trial by jury, or make such other order in the case, as, in their judgment, law and justice might require.

The argument was had at the last March term.

*H. H. Fuller & Andrew,* for the defendant. It does not appear, from the award, whether the second house is finished, nor what remains to be done upon it. This might not be fatal, if the particulars had not been specified in the submission. But here it appears, on the face of the award, that all

matters submitted have not been decided.   *Stone* v. *Phillipps*,
4 Bing. N. R. 37.   *Randall* v. *Randall*, 7 East, 81.   *Auriol* v.
*Smith*, 1 Turn. & Russ. 128, 129.   *Robson* v. *Railston*, 1 Barn.
& Adolph. 723.   Kyd on Awards, (2d ed.) 194.   Caldwell on
Arb. 103, 104.   Unless it expressly appears, by the award,
that all the matters submitted have been decided, or unless
the implication that they have been decided is unavoidable,
the award is bad.   Here there is no such implication.   The
case of *Rider* v. *Fisher*, 5 Scott, 86, and 3 Bing. N. R. 874,
cannot be distinguished from the case at bar.   There the
arbitrators were to determine on all claims, differences and dis-
putes relating to alleged defects and imperfections in a build-
ing, and relating to the accuracy of claims for extra work,
and deductions for omissions, and to ascertain what balance,
if any, might be due to the builder.   The award was, that a
certain sum should be paid to the builder, and received by
him, in full satisfaction of all matters in difference between
the parties, and referred by them.   The award was held to
be bad.   Tindal, C. J. said, " the arbitrators have not done
that which they were required to do.   There are three distinct
subjects matter upon which they were called upon to decide ;
the alleged defects and imperfections in the building, the
charge made for extra work and deductions for omissions, and
the balance due in respect of those extras and omissions.   Two
of these they leave altogether untouched ; and they have left
it uncertain whether the balance they direct to be paid is a
general balance, or confined to the balance of the account
for extras and omissions."

*Whiting*, for the plaintiff.   Every reasonable intendment is
made, in the modern cases, in favor of an award, and the
ancient niceties are disregarded.   *Richards* v. *Brockenbrough*,
1 Rand. 449.   *Coupland* v. *Anderson*, 2 Call, 106.   *King* v.
*Cook*, Charlt. 287.   *Archer* v. *Williamson*, 2 Har. & Gill, 62.
*Karthaus* v. *Ferrer*, 1 Pet. 222.   Watson on Arb. 102.   What
the arbitrators say shall be done is to be done, and what they
omit to say shall be done is not to be done.   They need not
state the process by which they come to their result.   It will

be intended that arbitrators have decided on all matters re-ferred to them, unless the contrary clearly appears, even when they do not state that they have awarded "of or concerning the premises." *A fortiori*, will this be intended when they do thus state, as in the case at bar. *Crofton* v. *Connor*, 1 Bro. P. C. (2d ed.) 530. *Gray* v. *Gwennap*, 1 Barn. & Ald. 106. *Day* v. *Bonnin*, 3 Bing. N. R. 219. *Duckworth* v. *Harrison*, 4 Mees. & Welsb. 445. *Cargey* v. *Aitcheson*, 2 Barn. & Cres. 170. *Dunn* v. *Warlters*, 9 Mees. & Welsb. 293. *Pearse* v. *Pearse*, 9 Barn. & Cres. 484. *Hallyar* v. *Ellis*, 3 Moore & Payne, 553. *Taylor* v. *Shuttleworth*, 6 Bing. N. R. 277. *Brown* v. *Croydon Canal Co.* 9 Adolph. & Ellis, 522. *Gay-lord* v. *Gaylord*, 4 Day, 422. *Emery* v. *Hitchcock*, 12 Wend. 156. *Caton* v. *MacTavish*, 10 Gill & Johns. 193.

SHAW, C. J. The court are of opinion that the award is not valid and cannot be supported. The arbitrators have not found whether any thing remained to be done, towards the comple-tion of the houses, according to the contracts which were referred to them; especially respecting the second house, which was alleged not to be finished.

We take the rule to be, that when the claims on both sides are for debts, or pecuniary claims, or for damages capable of being liquidated, ascertained, and reduced to a sum certain, if the arbitrators, professing to decide on the whole subject, find a balance due to the one from the other, such an award is final and conclusive, although the particulars, from which that balance resulted, are not stated. And in this case, had it been left to the arbitrators, not to direct the specific perform-ance of any acts for completing and finishing the buildings according to contract, but to assess damages for all deficiencies, we are inclined to think the award of a balance to be paid would have been good. But even if it was within their authority to find damages for the non-performance of the con-tract, in finishing and completing the buildings, instead of directing a specific performance of the contract, by making good the deficiencies, yet it was clearly within their authority to direct such things to be done specifically; and the parties

stipulated to do and perform what should thus be directed. Now this award, finding a balance on the pecuniary claims, leaves it wholly uncertain, whether the arbitrators decided on the fact that there was or was not any such deficiencies, and if there were, that they allowed any compensation for them, in damages, in stating the balance of the account. We think it would be carrying the doctrine of intendment too far, to assume that they decided against all claims for specific performance on both sides, merely because they have said nothing on the subject; nor is the award aided by the general statement that they have made their award " of and concerning the premises, and the whole subject matter thereof." It must appear, on the award, with reasonable certainty, what the rights of the parties respectively are, so as to prevent future controversy and litigation. Should actions now be brought on the original contract, for alleged breaches, in not performing the stipulations therein contained, the defendant could not hold up this award as a bar, and show clearly therefrom that the subject matter of such breach had been passed upon and decided by arbitrators mutually chosen. Without referring to the numerous authorities cited in the full and able argument, one recent case appears to us to be in point. *Rider* v. *Fisher*, 3 Bing. N. R. 874, and 5 Scott, 86.

*Plaintiff nonsuit.*